COURT OF CHANCERY
OF THE
STATE OF DELAWARE

MORGAN T. ZURN
MASTER IN CHANCERY

LEONARD L. WILLIAMS JUSTICE CENTER
500 NORTH KING STREET, SUITE 11400

Final Report:  September 11, 2018
Submitted:  July 5, 2018


Charles J. Durante, Esquire
Daniel R. Stranek, Esquire
Connolly Gallagher LLP
1000 West Street, Suite 1400
Wilmington, DE 19801

Adam R. Elgart, Esquire
Mattleman, Weinroth & Miller, P.C.
200 Continental Dive, Suite 215
Newark, DE 19713

> Re:    *In re:  the Matter of the Estate of Rita J. Francisco, deceased*
>         C.A. No. 2017-0424-MTZ

Dear Counsel:

This matter began as a petition to sell real estate to pay debts.  Pending

before me is the petitioner's motion for leave to amend that petition.  For the

reasons that follow, I recommend the Court grant the motion.  This is a final report.

Petitioner Rita L. Alexander ("Petitioner") is the personal representative of

the estate of Rita J. Francisco ("Decedent"), who died intestate on December 8,

2016.  Petitioner and Respondent Douglas Francisco ("Respondent") are

Decedent's intestate heirs.  On June 5, 2017, Petitioner filed a petition to sell real

estate to pay Decedent's debts pursuant to 12 *Del. C.* §§ 2701, *et seq.* On July 6, 2017, Respondent filed an objection and petitioned to remove Petitioner as personal representative for allegedly neglecting to perform her official duties, including failing to gather all assets of the estate and claiming expenses that are not part of the estate. After a hearing on July 10, 2017, Petitioner and Respondent reached a nonjudicial resolution, whereby the property at issue was sold on December 22, 2017, and the proceeds were divided equally between Petitioner and Respondent.[1] After the Court requested a status update on March 1, 2018, Petitioner sought and received two extensions of time to address additional information about Decedent's estate and confer with Respondent.

On June 18, 2018, Petitioner filed a motion to amend her petition, seeking to add a claim that Respondent misappropriated assets from Decedent while Decedent was living, as well as from Decedent's estate. Petitioner alleges she discovered Respondent's alleged misappropriation during the pendency of this case. On July 5, 2018, Respondent filed an opposition to the motion to amend, asserting justice does not require the amendment and that amendment would further delay the administration of the estate. Petitioner did not file a reply.

---

[1] Mot. ¶ 6; Resp. ¶¶ 1, 2.

Court of Chancery Rule 15(a) provides that leave to amend a pleading shall be freely given when justice so requires.

> This determination is a matter of the court's discretion. Rule 15(a) reflects the modern philosophy that cases are to be tried on their merits, not on the pleadings. Therefore, courts generally will not test the sufficiency of the pleadings in ruling on a motion to amend. A motion to amend may be denied, however, if the amendment would be futile, in the sense that the legal insufficiency of the amendment is obvious on its face. In exercising its discretion, the court also considers factors such as bad faith, undue delay, dilatory motive, repeated failures to cure by prior amendment, undue prejudice, and futility of amendment.[2]

Justice requires giving Petitioner leave to amend. Respondent has not asserted Petitioner's claims are futile. I see no basis to infer bad faith or dilatory motive. I accept Petitioner's explanation that she formed her allegations after examining Decedent's estate in more detail while this case was pending, and that she devoted additional time to attempting to confer with Respondent before seeking leave to amend.

While Petitioner's new allegations expand the scope of this action beyond the original petition to sell real estate to pay debts, a Court vested with the power of ordering that sale has authority to hear all matters necessary and proper to a just determination.[3] If proven, Petitioner's amended allegations may inform the

---

[2] *NACCO Indus., Inc. v. Applica Inc.,* 2008 WL 2082145, at *1 (Del. Ch. May 7, 2008) (internal citations and quotation omitted).
[3] *Green v. Saulsbury*, 33 A. 623, 630 (Del. Ch. 1880).

distribution of the proceeds from that sale. It is therefore proper for this Court to hear those allegations in this action. Further, Respondent already expanded the action in his answer by requesting the Court remove Petitioner as personal representative for failure to perform her duties. Finally, requiring Petitioner to file a new action would be inefficient and duplicative.

I recommend the Court grant Petitioner's motion to amend. This is a final report pursuant to Court of Chancery Rule 144.

Respectfully,

/s/ *Morgan T. Zurn*

Master in Chancery